OF

# THE DECISIONS

OF THE

## SUPREME COURT OF ALABAMA.

### JUNE TERM, 1834.

---

JOHN WHITAKER *vs.* WILLIAM PATTON, *Adm'r, et al.*

*Error from Madison Circuit Court*—Before the Hon.
JOHN M. TAYLOR.

---

In a proceeding under the statute to subject real estate to sale by a'credi-
tor, appearance and plea by a guardian, appointed to defend for mi-
nors interested in the lands, will cure the omission of service of a *scire
facias.*

It is a good ground for quashing a writ of error, if such guardian is not
party to it.

In this case, John Whitaker had ob'ained a judgment
against Patton, administrator of Robinson, on which an exe-
cution had issued, and been returned *nulla bona.*

Whitaker filed a suggestion, under the statute, averring,
that a large real estate had descended to the heirs of Robin-

2

Whitaker  son; and a *sci. fa.* issued thereon to Patton, and to the
vs.
Patton. *et al.*  heirs.

    They all pleaded jointly, that Patton as administrator, had made a report, &c. to the County Court. The record did not show the report, or its character; but the Court overruled a demurrer tendered to this plea, which was here assigned for error. · The record shows, that the clerk of the court had been made guardian, *ad litem,* to the minor heirs of Robinson; but it does not appear that the *sci. fa.* had been served on him. He, however, had appeared and pleaded.

    S. PARSONS, for Plaintiff.

    McCLUNG, *contrà.*

    By Mr. Justice SAFFOLD.

    This is a proceeding under statute, to subject the real estate of L. Robinson, deceased, to the payment of a judgment obtained against Patton, administrator of his estate, by Whitaker, on which an execution had issued, and been returned, "no property found." Whitaker filed, in the Circuit Court of Madison county, where this judgment was had—a suggestion of the facts against the said administrator and the heirs of his intestate—alleging, that Robinson died seized of a large real estate, situate in Madison county, and that it had descended to Pauline Robinson, widow and relict of said deceased, John Robinson, Martha Robinson, William Robinson, Cherry Horton, wife of Rodah Horton, and Fanny Dickerson, wife of John Dickerson: also stating the subsequent death of Cherry Horton, and that Rodah Horton held as tenant by the curtesy; that the persons above mentioned, as those to whom the estate descended, were the children and heirs of Robinson; and that the administrator had not applied to the County Court for a sale of the lands, in order to pay off the debts of his intestate; that such sale was necessary, and therefore prayed a *scire facias,* accord-

ing to the statute, against the administrator and the heirs, requiring them to shew cause why the said real estate should not be subject to execution. Afterwards, on the 28th September, 1828, the writ of *sci. fa.* was accordingly issued, stating the facts as above suggested, and praying an order of sale for the aforesaid purposes. The original *sci. fa.* not having been served on all the defendants, an *alias* issued, and by means of the two, service was effected on the defendants. None of the persons, however, named as " the children and heirs of the deceased," were personally served with process : nor is it any where suggested that they were infants or minors : but the *sci. fa.* was executed on Horton, as guardian of the heirs of L. M. Robinson, in April, 1829, and afterwards, in the November following, on motion, the court appointed H. Ford, the of thereof, to be guardian, *ad litem*, to defend the suit. It then appears, that the administrator, and the heirs, by Ford, the guardian 'of the latter, pleaded to the *scire facias*; that the administrator had made to the county court, a report—(but which report, the transcript states, is not on file, in the clerk's office, nor is it set out or defined in the plea.) The plea then·proceeds with an averment, that the said suit, in said report mentioned, was still pending, and undetermined, and concludes with a verification, &c. To this plea, the plaintiff demurred, which was overruled, and judgment given for defendants.

The plaintiff now assigns for error, that the plea contains nothing in bar of the *scire facias*, and that the court erred in overruling the demurrer. It is not contended, that the plea contains any matter constituting a bar to the remedy sought by the *scire facias;* indeed, (without the report, referred to in it,) it neither avers or defines any thing, from which we can infer the nature of the defence intended to be set up. But, it is insisted, on the part of the defendants, that, admitting the plea to be insufficient, the *scire facias* is defective also, in not averring that the children of the intestate, (who, by the subsequent order of the court, are

represented by guardian,) were minors, and that the plaintiff's demurrer should be visited on his own defective pleading; that the *scire facias* being thus insufficient, the judgment was, therefore, properly rendered for the defendants.

These proceedings are understood to have been had, under the statute of 1828.[a] That act authorises a judgment creditor, in a case like this, to file a suggestion in the clerk's office, of the facts; setting out the names of the personal representatives and heirs, and to sue out a *scire facias* thereon, against such executor or administrator and heirs, to show cause, &c. Nothing is expressed in that act, respecting the necessity of shewing, either by the suggestion or the *scire facias*, whether the heirs be infants or adults; but, according to the rules of justice, and by legal analogy, particularly by comparison with the statute of 1822,[b] the record must, in some way, show the fact of infancy, if it exist, as well as the names and condition, in other respects, of the heirs or devisees: and, if equally incompetent to represent themselves, they must have the aid of one who is. The section of the statute, last referred to, prescribes the mode of proceeding, by an executor or administrator, *to obtain authority to sell* real estate, for the payment of debts, or to make more equal distribution among the heirs and devisees, &c. This is directed to be, by petition to the county court, setting out, among other things, the names of the heirs or devisees, and particularly stating, which are of age, and which are infants or femes covert. In as much, however, as the latter statute, under which this proceeding was had, does not express the same requisition, as a judgment creditor is not presumed to have, as intimate knowledge of the facts of infancy, as the personal representative, and as it may be inferred, that the Circuit Court had before it a legal showing, whether or not these heirs were infants, before making the appointment of a guardian, *ad litem*, to defend them, we are of opinion, that the defect, if any, in the suggestion and *scire facias*, has been cured.

a Aik. D. 156 s. 17.

b Aik. D. s. 16.

The question, however, does not depend alone on this view of the case. The person thus appointed to defend as guardian, appeared and made defence, by pleading in bar to the *scire facias*, whereby he has waved any objection that otherwise might have been urged by him for the want of service of process on the minors, or as to any uncertainty respecting the fact of their being such.

We should, therefore, be inclined to reverse and remand the cause, but for a defect in the writ of error, which has attracted our notice; it is, that the guardian of these supposed minors, on whom devolved the most valuable interest in contest, is not a party to the writ of error—so that his wards are entirely unrepresented in this court; for which, unless terms be agreed on by the parties, the writ of error must be dismissed.